8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Jonathan PATHI, Defendant-Appellant.
 No. 92-5352.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 29, 1993.
Decided: October 20, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Benjamin A. Neil, BENJAMIN A. NEIL & ASSOCIATES, for Appellant.
 Richard D. Bennett, United States Attorney, Maury S. Epner, Assistant United States Attorney, for Appellee.
 D.Md.
 AFFIRMED
 Before WIDENER and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Eric Pathi pled guilty to conspiring to counterfeit United States currency in violation of 18 U.S.C. §§ 371, 471 (1988). Pathi appeals his sentence, alleging that the district court erred in failing to grant a downward departure for aberrant behavior, that the district court erred in refusing to grant a two-point reduction for his minor role in the conspiracy, and that he is entitled to a one-point reduction for acceptance of responsibility under section 3E1.1(b)[1] of the amended guidelines. Finding that the district court properly applied the guidelines, we affirm.
 
 I.
 
 2
 The evidence at the sentencing hearing established that Pathi participated in the plans to produce over $1,000,000 of counterfeit United States currency and was to receive one-sixteenth of the proceeds. Although the actual printing of the counterfeit $20 Federal Reserve Notes was completed while Pathi was out of town, upon Pathi's return, he offered samples of the counterfeit currency to potential purchasers.
 
 
 3
 The court held that, under section 2B5.1,[2] the base offense level was nine and added eleven points for specific offense characteristics of conspiring to print more than $800,000 of counterfeit currency, resulting in an offense level of twenty. See U.S.S.G. § 2F1.1. The court granted a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The court refused to grant a two-point reduction, under U.S.S.G. § 3B1.2, for a minor role in the offense, holding that Pathi was not less culpable than most of the conspirators. Furthermore, the court refused to grant a departure for aberrant behavior, under U.S.S.G. § 5K2.0, p.s., holding that the involvement in numerous meetings and activities could not be considered aberrant conduct. Based on a total offense level of eighteen and a criminal history category of I, the court sentenced Pathi to twenty-seven months of incarceration and two years of supervised release.
 
 
 4
 Pathi appeals, alleging that the district court erred in failing, based on its belief that it did not have the appropriate authority, to grant a downward departure for aberrant behavior. With this Court's permission, Pathi filed a Supplemental Brief, alleging that the district court erred also in not granting a two-point reduction for his minor role in the conspiracy, and that he is entitled to a one-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) of the amended guidelines. We disagree.
 
 II.
 
 5
 The record belies Pathi's contention that the district court believed that it did not have authority to grant a downward departure for aberrant behavior. The district court assumed that it had the authority to grant a downward departure for aberrant behavior but declined to do so because the evidence did not justify such a departure. Given that the court was aware of its authority to depart, we will not review the district court's refusal to depart if the decision was based on its own discretion. United States v. Bayerle, 898 F.2d 28, 30 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S. 1990).
 
 III.
 
 6
 We affirm the district court's decision to deny the two-point reduction for a minor role in the offense because the district court's finding that Pathi was not any less culpable than most of the other conspirators was not clearly erroneous. See United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989). Pathi participated in the conspiracy plans and agreed with the plan to print over $1 million worth of counterfeit currency and was to receive one-sixteenth of the proceeds. Moreover, he recruited one member to the conspiracy. Pathi also offered samples of the counterfeit currency to potential purchasers. Under these circumstances, it was not clearly erroneous for the court to find that Pathi was not entitled to a two-point reduction.
 
 IV.
 
 7
 Although Pathi was sentenced under the 1991 guidelines, Pathi alleges that he is entitled to a one-point reduction under U.S.S.G. § 3E1.1(b) of the amended guidelines because he timely informed the government of his intent to plead guilty. We disagree. Reductions pursuant to § 3E1.1(b), amendment 459, are not retroactive. See U.S.C.G. § 1B1.10(d) of the amended guidelines. Accordingly, Pathi is not entitled to the reduction.
 
 
 8
 Because the district court recognized its authority to depart and did not err in refusing to grant further reductions from the guidelines range, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual, § 3E1.1(b) (Nov. 1992). Pathi was sentenced on May 5, 1992 under the United States Sentencing Commission, Guidelines Manual (Nov. 1991)
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual, § 2B5.1 (Nov. 1991). Unless otherwise noted, all citations to the sentencing guidelines refer to the 1991 version